# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

CAROL A. PATTERSON,       )
       Plaintiff,        )
                     )
     v.                )     CAUSE NO.: 2:18-CV-19
                     )
CAMPAGNA ACADEMY,       )
       Defendant.       )

## OPINION AND ORDER

This matter is before the Court on Defendant's Itemization of Attorney's Fees and Expenses and Supporting Brief [DE 23], filed November 14, 2018. On November 2, 2018, the Court granted Plaintiff's Motion to Compel Rule 26(a) Disclosure and Compliance With Court's Discovery Orders and set a briefing schedule for the attorney's fees incurred in filing the motion. Defendant filed the instant petition requesting $1,308.00 in attorney's fees. Plaintiff filed a response objecting to the request on December 28, 2018, and Defendant replied on January 4, 2019.

Rule 37 provides that if a motion to compel is granted, the Court "must, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain" the discovery, "the opposing party's nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Plaintiff concedes that Defendant is entitled to $680.00 in fees, but objects to the award of an additional $628.00 because those expenses accrued after the motion was filed, and thus were not

"incurred in making the motion." However, fees accrued in preparing the fee petition are recoverable under Rule 37. *See, e.g, Heneghan v. City of Chicago*, No. 09 C 0759, 2010 WL 3715142, at *4 (N.D. Ill. Sept. 14, 2010) ("Time spent preparing a fee petition can be shifted under Rule 37."); *Catapult Commc'ns Corp. v. Foster*, No. 06 C 6112, 2009 WL 2707040, at *2 (N.D. Ill. Aug. 25, 2009) ("Recoverable time may include any hours . . . spent preparing [ ] fee affidavits . . .") (quoting *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987).

The disputed $628.00 represents 0.5 hours of work by counsel of record at $200.00 per hour, and 3.2 hours by an associate at $165.00 per hour. Counsel of record logged 0.5 hours for status updates to "necessary persons" after the motion was filed but prior to the Court's order on the motion. After the Court's order, the associate logged 0.3 hours to "[p]lan strategy for response and seeking dismissal of complaint in federal court." The Court finds that it is not reasonable to award fees for those expenses, which total $149.50. The rest of the disputed time relates to preparing the fee petition and a discovery extension necessitated by the order. Therefore, the award for time spent after the motion was filed will total $478.50, in addition to the undisputed $680.00 incurred prior to the motion, for an award of $1,158.50 in all.

For the foregoing reasons, the Court hereby **GRANTS, for relief different than requested,** Defendant's Itemization of Attorney's Fees and Expenses and Supporting Brief [DE 23], and **ORDERS** Plaintiff to reimburse Defendant in the sum of $1,158.50 in attorney fees within a reasonable time.

SO ORDERED this 7th day of January, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record